M. Gómez & Co., *S. en C.*, Plaintiff and Appellee, *v.* Arturo Guerra, Defendant and Appellant.

No. 5018.   Argued April 25, 1930.—Decided November 20, 1931.

842

*Guerra-Mondragón & Soldevila* for appellant.  *M. Acosta Velarde* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Don Arturo Guerra has appealed from a decision adjudging him to pay to the firm of M. Gómez & Co., *S. en C.,* a debt acknowledged *in solidum* by him and other persons in favor of the said firm and evidenced by a promissory note made payable to the order of the plaintiff.

In support of his appeal, the appellant urges that the lower court erred in not holding that the action herein has prescribed, and in finding that a previous note was merely an instrument of guaranty and likewise that no mercantile transaction whatever appears from the evidence, for which reason it refused to enforce the three-year limitation applicable to mercantile promissory notes.  These three grounds of appeal, being intimately connected with each other, may be considered together, as they refer to the prescription of the action exercised.

There existed in this city a commercial firm, Sucesores de S. M. Woodson, composed of the partners Manuel Gómez and Antonio Blanco Pérez.  Upon the death of the latter, Manuel Gómez formed the plaintiff partnership.  At the request of the appellant and other persons, who told Gómez that they were sureties for Blanco in the banks which were pressing for payment, the former agreed to deliver, and did deliver, to them as a loan Blanco's share up to that time in

the liquidation of Sucesores de S. M. Woodson. Accordingly, in 1917, Arturo Guerra and four other persons acknowledged in an instrument to be owing *in solidum* to Manuel Gómez a certain sum of money, which they promised to return to him, without interest, on presentation of said instrument. A certain person was judicially declared to be the natural acknowledged son and sole heir of Antonio Blanco. An attachment was levied on the share of the latter's estate in the liquidation of Sucesores de S. M. Woodson. Manuel Gómez unsuccessfully demanded the payment of the solidary obligation to which we have already referred, and as the same was not negotiable, it being payable only to Gómez, it was agreed to substitute the instrument by another which could be discounted in the banks—a promissory note executed on February 8, 1921, wherein Arturo Guerra and two of the former makers bound themselves *in solidum* to pay to M. Gómez & Co. or to its order the amount of the former note, three months after such date, with interest in case of default. The new promissory note was endorsed to a bank to apply on account and, as the balance of the indebtedness was not paid, the bank returned the instrument to the firm of M. Gómez & Co., which thereupon, in 1926, brought an action of debt against Arturo Guerra in the District Court of San Juan.

The obligation embodied in the first instrument was not a mercantile one. It was not a commercial loan from Gómez to the subscribers of the instrument but an acknowledgment or evidence of the delivery, as a loan, of Blanco's share in the assets of the partnership in liquidation of which he had been a member. The second instrument is payable to order, and for this reason it is presumed to be commercial paper under section 532 of the Code of Commerce. However, the facts which appear from the evidence overcome such presumption, inasmuch as they show a substitution of the original instrument which, not being of a mercantile character,

did not render commercial the second instrument. In *Pierluisi* v. *Monllor, ante,* p. 6, we cited with approval the judgment of the Supreme Court of Spain of November 25, 1928, according to which the mercantile character of promissory notes to order is not established by the mere status as merchants of the persons concerned therewith as makers, indorsers, or holders, but by the essential fact that they arise from commercial transactions. After a careful consideration of the matter and of the case of *Barros* v. *Padial,* 35 P.R.R. 237, we have finally reached the conclusion that the fact that a promissory note is drawn to order does not convert a simple loan into a mercantile one, nor constitute in itself a commercial transaction, since our statute provides that such notes are of a mercantile character when they arise from commercial transactions. Therefore, it having been shown that the amount claimed was not loaned for profit, the promissory note sought to be enforced herein is not a mercantile one, for which reason it is not subject to the three-year period of limitation fixed by section 950 of the Code of Commerce but to the fifteen-year term of prescription provided by section 1865 of the Civil Code, in connection with section 943 of the Code of Commerce.

The judgment appealed from must be affirmed.